# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Docket No.: 07-00902 |
| Plaintiff, | : | |
| | : | Criminal Action |
| v. | : | |
| | : | |
| STEVEN BYRD, | : | |
| Defendant. | : | |
| | : | **ORDER** |
| | : | |

This matter coming before this Court by Alexander W. Booth., attorney for defendant, Steven Byrd and Assistant United States Attorney, Jacob Elberg appearing on behalf of the government and the Court having considered the moving papers of counsel and it appearing that good cause is shown for entry of this Order

**IT IS** on this 28 day of March, 2008

**ORDERED** that the United States of America transfer the heroin in question for testing to, NMS Labs, 3701 Welsh Road, Willow Grove, Pennsylvania 19090, (215) 366-1328 attn: Susan O'Neill, per CJA 21 Voucher that was executed on December 20, 2007 (See Exhibit A).

_____
WILLIAM A. WALLS, USDJ

# EXHIBIT A

CJA 21 AUTHORIZATION AND VOUCHER FOR EXPERT AND OTHER SERVICES (Rev. 1/06)

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED Steven Byrd | | VOUCHER NUMBER | |
|---|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER 07-3575-03 | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER | |
| 7. IN CASE/MATTER OF (Case Name) US v. Steven Byrd | 8. PAYMENT CATEGORY ☒ Felony  ☐ Petty Offense ☐ Misdemeanor  ☐ Other ☐ Appeal | 9. TYPE PERSON REPRESENTED ☒ Adult Defendant  ☐ Appellan ☐ Juvenile Defendant  ☐ Appellee ☐ Othe | 10. REPRESENTATION TYPE (See Instructions) CC | |
| 11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense. Title 21, USC § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. 22 | | | | |

**REQUEST AND AUTHORIZATION FOR EXPERT SERVICES**

12. ATTORNEY'S STATEMENT
As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☒ Authorization to obtain the service. Estimated Compensation and Expenses: $ 9,000.00 OR
☐ Approval of services already obtained to be paid for by the United States pursuant to the Criminal Justice Act. (Note: Prior authorization should be obtained for services in excess of $500, excluding expenses)

Signature of Attorney _____    Date 12/14/07
☒ Panel Attorney    ☐ Retained Attorney    ☐ Pro-Se    ☐ Legal Organization

ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Alexander W. Booth
512 - 42nd Street
Union City, NJ 07087          Telephone Number: 201-866-4949

13. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES (See Instructions)
See attached certification

14. TYPE OF SERVICE PROVIDER
01 ☐ Investigator                 15 ☐ Other Medical
02 ☐ Interpreter/Translator       16 ☐ Voice/Audio Analyst
03 ☐ Psychologist                 17 ☐ Hair/Fiber Expert
04 ☐ Psychiatrist                 18 ☐ Computer (Hardware/
05 ☐ Polygraph                          Software/Systems)
06 ☐ Documents Examiner           19 ☐ Paralegal Services
07 ☐ Fingerprint Analyst          20 ☐ Legal Analyst/Consultant
08 ☐ Accountant                   21 ☐ Jury Consultant
09 ☐ CALR (Westlaw/Lexis, etc.)   22 ☐ Mitigation Specialist
10 ☒ Chemist/Toxicologist         23 ☐ Duplication Services
11 ☐ Ballistics                         (See Instructions)
13 ☐ Weapons/Firearms/Explosive Expert  24 ☐ Other (Specify)
14 ☐ Pathologist/Medical Examiner

15. COURT ORDER
Financial eligibility of the person represented having been established to the Court's satisfaction, the authorization requested in Item 12 is hereby granted.

Signature of Presiding Judge or By Order of the Court     20 Dec 07

Date of Order _____    Nunc Pro Tunc Date _____
Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES  ☐ NO

**CLAIM FOR SERVICES AND EXPENSES** | **FOR COURT USE ONLY**

| 16. SERVICES AND EXPENSES (Attach itemization of services with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |
| **GRAND TOTALS (CLAIMED AND ADJUSTED):** | | | |

17. PAYEE'S NAME AND MAILING ADDRESS

TIN: _____

Telephone Number: _____

CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM _____ TO _____

CLAIM STATUS    ☐ Final Payment    ☐ Interim Payment Number _____    ☐ Supplemental Payment

I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of Claimant/Payee _____    Date _____

18. CERTIFICATION OF ATTORNEY   I hereby certify that the services were rendered for this case.

Signature of Attorney _____    Date _____

**APPROVED FOR PAYMENT — COURT USE ONLY**

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOTAL AMOUNT APPROVED/CERTIFIED |
|---|---|---|---|

2  ☐  Either the cost (excluding expenses) of these services does not exceed $500, or prior authorization was obtained.
   ☐  Prior authorization was not obtained, but in the interest of justice the Court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $500.

Signature of Presiding Judge    Date    Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|

28. PAYMENT APPROVED IN EXCESS OF THE STATUTORY THRESHOLD UNDER 18 U.S.C. § 3006A(e)(3)

Signature of Chief Judge, Court of Appeals (or Delegate)    Date    Judge Code

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Criminal No.: 07-3575-03 |
| v. | : |
| STEVEN BYRD, | : **CERTIFICATION** |
| Defendant. | : |

I, Alexander W. Booth, hereby certify as follows:

1. I am an attorney and represent the defendant Steven Byrd in this matter.

2. The United States' laboratory Report alleges that there were 60.6 grams of heroin involved in this matter with only 2.2 grams of actual heroin.

3. The relative guideline standard here is over 60 grams.

4. I intend to argue that there was less than 60 grams involved and need my own lab report to effectively make that argument.

5. This issue was put on the record during Mr. Byrd's guilty plea proceedings on November 8, 2007 where it was agreed that the defendant could proceed with this argument after securing an independent analysis.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false then I am subject to punishment.

ALEXANDER W. BOOTH, ESQ.

Dated: December 14, 2007

1